IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01477-BNB

EDMOND J. BEARDEN,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF'S OFFICE, and
CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 3 1 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Edmond J. Bearden, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility.  Mr. Bearden initiated this action by filing *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993).  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

Mr. Bearden also has filed a letter directed to the clerk of the court asking if he will receive a bill or notification of the monthly filing fee payments.  As indicated in the July 13, 2007, order granting Mr. Bearden leave to proceed pursuant to 28 U.S.C. § 1915, Mr. Bearden is responsible for making the necessary arrangements to make monthly filing fee payments or to show cause why he has no assets and no means by which to make the monthly payment.  The Court will not mail him a bill or notification that the monthly payment is due.

The Court must construe the complaint liberally because Mr. Bearden is a ***pro se*** litigant. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the ***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Bearden will be ordered to file an amended complaint.

Mr. Bearden attacks the allegedly unsanitary conditions of his confinement at the Criminal Justice Center in El Paso County, Colorado, that he contends led to his developing scabies, and he challenges the medical treatment he received for scabies when he was incarcerated in El Paso County.

Mr. Bearden is suing an improper defendant. Mr. Bearden may not sue the El Paso County Sheriff's Department. The El Paso County Sheriff's Department is not a separate entity from El Paso County and, thus, is not a person under 42 U.S.C. § 1983. ***See Stump v. Gates***, 777 F. Supp. 808, 814-16 (D. Colo. 1991), ***aff'd***, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against Defendant El Paso County Sheriff's Office must be considered as asserted against El Paso County.

Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. ***Monell v. New York City Dep't of Social Servs.***, 436 U.S. 658, 694 (1978); ***Hinton v. City of Elwood, Kan.***, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385 (1989). Mr. Bearden

cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Bearden must name each defendant he intends to sue in the caption to the amended complaint; he must allege exactly what each defendant did to violate his constitutional rights; and he must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Bearden must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Bearden may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Bearden uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The amended complaint Mr. Bearden will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that

the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order for Mr. Bearden "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007). Accordingly, it is

ORDERED that Mr. Bearden file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Bearden, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Bearden submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Bearden fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED July 31, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-01477-BNB

Edmond J. Bearden
Prisoner No. 132654
Skyline Corr. Center
PO Box 800
Cañon City, CO 81215- 0800

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on _7/31/07_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk